**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGELA DOWSON, as authorized
representative of MONTANA PRIDE
BUILDERS, LLC, and as personal
representative of JOHN D. DOWSON, Jr.,
and MOUNTAIN WEST FARM
BUREAU MUTUAL INSURANCE
COMPANY, INC.,

        Plaintiffs - Appellees,

 v.

SCOTTSDALE INSURANCE
COMPANY,

        Defendant - Appellant.

No. 13-36087

D.C. No. 4:12-cv-00015-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 8, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.**  The district court correctly held that Scottsdale Insurance Company breached its duty to defend John Dowson and Montana Pride Builders.  To justify its decision to deny a defense, Scottsdale had to demonstrate unequivocally that its policy did not provide coverage.  *See Tidyman's Mgmt. Servs. Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014).  But Scottsdale's letters denying coverage merely quoted various policy provisions and exclusions restricting the scope of coverage. The letters did not explain why any of the exclusions (including the "Owned Property" exclusion, the only exclusion Scottsdale invokes on appeal) might apply to the facts alleged in the Kovaciches' lawsuit against Dowson and Montana Pride. As the Montana Supreme Court has observed, exclusions "are frequently subject to challenge for ambiguity or inconsistency," and as a result "the mere existence of the exclusions in Scottsdale's policy [does] not establish an 'unequivocal demonstration' that the claim [does] not fall within the insurance policy's coverage." *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 355 (Mont. 2013).

**2.**  Because Scottsdale breached its duty to defend Dowson and Montana Pride, it is liable for 100% of the defense and settlement costs incurred in the third-party lawsuit.  Under Montana law, once an insurer unjustifiably fails to defend its insured, the insurer is "estopped from denying full coverage for [the insured's] defense costs and judgment, including settlement." *Swank Enters., Inc. v. All*

*Purpose Servs., Ltd.*, 154 P.3d 52, 58 (Mont. 2007); *accord Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 386–87 (Mont. 2004).

**3.** The district court did not err when it awarded $36,141 in attorney's fees in the present action. Under Mont. Code Ann. § 27–8–313, courts may award attorney's fees in suits seeking declaratory relief. *See Trs. of Indiana Univ. v. Buxbaum*, 69 P.3d 663, 670–74 (Mont. 2003). In addition, Montana courts have long awarded attorney's fees in cases in which an insurer breached its duty to defend. *See, e.g.*, *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003) (noting the court "ha[s] approved attorney fee awards in the absence of statutory or contractual authority where an insurer breaches its obligation to defend an insured"); *see also Buxbaum*, 69 P.3d at 668 (discussing "the insurance exception" as distinct from § 27–8–313). Scottsdale contends that attorney's fees may not be awarded in declaratory relief actions between two insurers, but this case involves a suit between an insured and an insurer. Dowson and Montana Pride assigned their right to pursue this action against Scottsdale to Mountain West. Thus, Mountain West stands in the shoes of Dowson and Montana Pride and is entitled to seek recovery of attorney's fees as their assignee. *See Newman*, 301 P.3d at 361–62.

**AFFIRMED.**